IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT CARR, JR.,

                          Plaintiff,

        v.

KEVIN PITZEN and KRISTY SZELAGOWSKI,

                          Defendants.

OPINION and ORDER

23-cv-313-jdp

---

Pro se plaintiff Robert Carr, Jr., a state prisoner, alleges that defendants deprived him of procedural due process at two disciplinary hearings at which he was found guilty, resulting in 120 days' disciplinary segregation. Carr also alleges that the conditions of his segregation were cruel and unusual. Carr filed an earlier case, albeit against different defendants, raising a procedural due process claim based on the same allegations. I dismissed that case for failure to state a claim upon which relief may be granted, and I denied Carr's motion for reconsideration. *See Carr v. Fuchs*, No. 22-cv-603-jdp, 2023 WL 3055450 (W.D. Wis. Apr. 24, 2023), *reconsideration denied*, 2023 WL 3224203 (W.D. Wis. May 3, 2023).

Because Carr is incarcerated, I must screen the complaint under 28 U.S.C. § 1915A. I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Carr's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Because my earlier judgment precludes Carr's procedural due process claim in this case, I will dismiss this claim without leave to amend. I will dismiss Carr's Eighth Amendment claim for failure to state a claim, but I will allow him to file an amended complaint to fix this problem.

BACKGROUND

In the earlier case, Carr filed a third amended complaint alleging, among other claims, a procedural due process claim based on his 120-day stay in disciplinary segregation and related events. *See Carr v. Fuchs*, No. 22-cv-603-jdp, 2023 WL 2351823 (W.D. Wis. Mar. 3, 2023). I dismissed the procedural due process claim for failure to state a claim, determining that: (1) 120 days' disciplinary segregation was too short, standing alone, to create a protected liberty interest; and (2) Carr failed to provide any allegations "comparing the conditions of his disciplinary segregation to the conditions outside of disciplinary segregation or otherwise alleg[ing] that the conditions of disciplinary segregation were unusually harsh." *Id.* at *2. Carr filed a fourth amended complaint alleging, among other claims, the procedural due process claim and providing allegations purporting to show that the conditions of his segregation were unduly harsh. As relevant here, I determined that Carr's allegations failed to suggest that he had a liberty interest in avoiding 120 days' disciplinary segregation because: (1) 120 days' disciplinary segregation, standing alone, was insufficient to create a protected liberty interest; and (2) Carr's allegations failed to suggest that the conditions of his disciplinary segregation were unduly harsh. *Carr*, 2023 WL 3055450, at *2–3.

Carr filed a motion for reconsideration. *See Carr v. Fuchs*, No. 22-cv-603-jdp, 2023 WL 3224203, (W.D. Wis. May 3, 2023). Carr contended that I erred in determining that 120 days' disciplinary segregation, standing alone, failed to create a protected liberty interest and that the conditions of his segregation were not unduly harsh. I rejected these contentions and denied his motion. *See id.*

ALLEGATIONS OF FACT

I need not repeat the facts underlying Carr's procedural due process claim because they are essentially the same as those from his earlier related case. I will summarize only the facts underlying Carr's Eighth Amendment claim.

Defendants Kevin Pitzen and Kristy Szelagowski participated in Carr's first due process hearing on September 26, 2022. Carr was found guilty and given 120 days' disciplinary segregation. Nondefendant Warden Fuchs reversed that decision and ordered a new due process hearing, which Pitzen and Szelagowski held on October 17, 2022. Carr was again found guilty and given 120 days' disciplinary segregation. Carr was "confined for 120 days in a hot and humid small cell without access to [a] shower, adequate bedding, food, lighting, yard [time], legal materials, dental care, religious service, and educational and vocational classes."

ANALYSIS

A.  **Issue preclusion**

Issue preclusion, also referred to collateral estoppel, "applies based on a prior federal judgment when (1) the issue sought to be precluded was the same as that involved in the prior litigation, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment, and (4) the party against whom estoppel is invoked was fully represented in the prior action." *Oneida Nation v. Vill. of Hobart*, 968 F.3d 664, 686 (7th Cir. 2020) (alterations adopted). Issue preclusion applies to both factual and legal issues. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

"A litigant was 'fully represented' in a prior case if he had 'a "full and fair opportunity" to litigate the issues in the earlier case.'" *Stevenson v. Gen. Mills Inc.*, No. 21-CV-1052, 2023

3

WL 2142215, at *3 (E.D. Wis. Feb. 21, 2023) (alterations adopted) (quoting *Allen v. McCurry*, 449 U.S. 90, 95 (1980)). Full representation for purposes of issue preclusion does not require that the party against whom the doctrine is used had legal representation. *See DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013) ("[T]he idea that litigating pro se should insulate a litigant from application of the collateral estoppel doctrine . . . is absurd."); *Stevenson*, 2023 WL 2142215, at *3; *Bernstein v. Heritage Union Life Ins. Co.*, No. 1:13-CV-3643, 2017 WL 395702, at *4 n.4 (N.D. Ill. Jan. 30, 2017). I may raise issue preclusion on my own. *Jackson v. Murphy*, 468 F. App'x 616, 619 (7th Cir. 2012); *see Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022); *Hopkins v. Milwaukee Secure Det. Facility*, 575 F. App'x 667, 668 (7th Cir. 2014).

The dispositive issue Carr's procedural due process claim presents is whether he had a liberty interest in being free from 120 days' disciplinary segregation given the conditions that he faced there: If Carr did not have this protected liberty interest, he had no due process right to a hearing with the procedural protections that he alleges defendants violated. *See Carr*, 2023 WL 2351823, at *2. In the earlier case, I determined that: (1) Carr's 120 days' disciplinary segregation, standing alone, did not create a protected liberty interest; and (2) Carr's conditions of segregation were not unusually harsh. Carr had a full and fair opportunity to litigate these issues in his previous case. I explained these problems to Carr when I dismissed his third amended complaint, and I allowed him to file an amended complaint to fix them. Carr also moved for reconsideration. My earlier determinations preclude Carr's due process claim: Because Carr cannot show that he had a liberty interest in avoiding 120 days' disciplinary segregation, he cannot show a constitutional entitlement to the procedural protections that he contends defendants violated. Carr cannot avoid the preclusive effect of my earlier decision by

adding new factual allegations to support his procedural due process claim in this case. Because my earlier judgment precludes Carr's procedural due process claim, I will dismiss this claim and not allow Carr to replead it in an amended complaint.

## B. Eighth Amendment

A prison official may be liable for denying an inmate humane conditions of confinement if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). For conditions to post an excessive risk to inmate health or safety, they must be serious enough to "result[] in the denial of the minimal civilized measure of life's necessities." *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, utilities, medical care, and exercise. *See Farmer*, 511 U.S. at 832; *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). Some conditions may pose an excessive risk to inmate health or safety "in combination when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need." *See Wilson*, 501 U.S. at 304. For a prison official to know of and disregard an excessive risk to inmate health or safety, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer*, 511 U.S. at 837.

Carr bases his Eighth Amendment claim on one allegation:  he was "confined for 120 days in a hot and humid small cell without access to [a] shower, adequate bedding, food, lighting, yard [time], legal materials, dental care, religious service, and educational and vocational classes." I will not allow Carr to proceed on his Eighth Amendment claim for two primary reasons. First, Carr does not allege that defendants knew of his exposure to these

conditions or had the power to remedy them. *See Farmer*, 511 U.S. at 837; *cf. Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). Second, Carr's allegation is conclusory. He lists several conditions but fails to explain in reasonable detail how they posed an excessive risk to his health of safety. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Furthermore, it is questionable whether the alleged deprivation of legal materials, religious services, and educational and vocational classes would show "the denial of the minimal civilized measure of life's necessities." *See Townsend*, 522 F.3d at 773; *see also Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights . . . ."); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (claim related to free exercise of religion not properly analyzed under Eighth Amendment); *Bono v. Saxbe*, 620 F.2d 609, 615 (7th Cir. 1980) ("[T]he failure to provide rehabilitation programs, without more, does not constitute cruel and unusual punishment."). Even if the alleged deprivation of legal materials, religious services, and educational and vocational classes supported an Eighth Amendment violation, "naked assertions devoid of further factual enhancement" are not enough to state a claim. *See Iqbal*, 556 U.S. at 678.

My judgment in the earlier case may have some preclusive effect on Carr's Eighth Amendment claim. *Cf. Taylor*, 553 U.S. at 892 (issue preclusion applies to both factual and legal issues). But it is premature to take up this issue.

CONCLUSION

I will allow Carr to file an amended complaint to fix the problems with his Eighth Amendment claim. In drafting his amended complaint, Carr should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Carr must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Carr should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Carr believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Carr, Jr.'s complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Carr's procedural due process claim is DISMISSED with prejudice.

3. Plaintiff may have until June 23, 2023, to submit an amended complaint that fixes the problems with his Eighth Amendment claim.

4. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a

7

supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily. The spacing in Carr's complaint satisfies this requirement.

5. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

6. If plaintiff fails to comply with this order, I may dismiss this case.

7. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

8. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

9. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

10. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered May 24, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

8